25-3240 Western Missouri United States v. Todd Boyd All right, Ms. Kurz, we'll hear from you first. May it please the Court. The government argues that the recent Supreme Court decision in Esteres is inapplicable to Mr. Boyd's case because his revocation was mandatory under 18 U.S.C. 3583G, and Esteres applies only to discretionary revocation of supervised release under 3583E. According to the government, if revocation is mandatory, a district court does not have to consider any of the 3553A factors because they're not listed in subsection G, nor is it prohibited from considering any of the 3553 factors. It can consider or not consider what it wishes with no guidance whatsoever. I suggest that that is incorrect when reading subsection G in terms of the Sentencing Reform Act as a whole and by looking at the sentencing guidelines. 3583G says a court shall revoke if one of four conditions are met, but that is not all it says. It says the court shall revoke a term of supervised release and require the defendant to serve a term of imprisonment. The term of imprisonment language is found in the preceding statute, section 3582A. Congress said in determining the length of a term of imprisonment, a court shall consider the factors set forth in 3553A to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of providing correction and rehabilitation. Counsel, Estrus to one side. It seems to me that it could be argued that the court's respect for the law comments weren't really directed at the original offense, but rather the defendant's behavior on supervised release. So wouldn't that be a difficulty for you? The majority of opinion in Estrus did say refer to the original offense of conviction, and that was part 2B of the opinion that Justices Sotomayor and Jackson did not agree with. What I'm saying is, isn't it arguable that the comments that are at issue here were not directed toward the original offense, but toward the behavior of the defendant on supervised release? Oh, no, I don't believe that's true. And I would argue that you would see that at bottom of page 11 going into page 12. My job is to consider all the factors in 3553A. I've considered those. Some are the ones we just talk about. You took responsibility. You get credit for that. Some of the ones that hurt you are probably the same things I talked about the last time when I sentenced you. I sentenced you to 11 years last time we saw each other. But before that, you had been down for murder, second, armed criminal action, unlawful use of a weapon, and then he continues on and cites all of the sentences imposed. So the court's thought process in imposing sentence in this case was backward-looking, not only toward the offense, but toward prior offenses committed in state court that were, I believe, I want to say committed in 2002, some 20 years earlier. Esra says this isn't just about getting the factors right, which ones are appropriate to consider, but it has to do with the whole prism through which a district court is now supposed to look at revocation sentencing. It must be forward-looking. It cannot go back to the purposes of retribution. Counsel, I wanted to ask you about our opinion in U.S. v. Larrison, and really a couple questions. One, is the relevant footnote in that opinion dicta or holding? And even if it is not dicta, does Estaris change the ‑‑ is it now controlled? The footnote is dicta. The argument was raised for the first time in oral argument. It wasn't briefed. The court, in that footnote, it precedes its comments and says, we do not consider arguments that are first raised in oral argument. But if we were to consider it, we would say pretty much 3583G is kind of a no‑holds barred. The court can consider what it wants to consider. Now, Larrison, I think, was decided in 2006, and since that time with the United States Supreme Court, we have had a whole series of revocation cases that kind of push Larrison to the side. I don't think it's a holding. It's dicta. I don't think it binds this panel. And those cases that I'm referring to are TAPIA, a court must fashion a sentence to achieve the purposes of deterrence, incapacitation, rehabilitation, retribution to the extent that they are applicable. The court said that sentencing reform act makes clear that a particular purpose may apply differently or even not at all, depending on the kind of sentence under consideration. And so after you ‑‑ I'm sorry to interrupt.  Am I correct that these issues are presented to us on plain air review? That is correct. Okay. So the difficulty on the 3583G point is that some circuits have held in favor of the government's view on this, as I understand it. They have, and some ‑‑ that your position is correct. You do have that circuit split. And so legitimately it raises the question, is this a plain or obvious error? I believe it is because of the statutory commands. So you go from 3583G, you then go to 3582A, use the factors but only the ones to the extent applicable. And we now have something that we did not have in those previous cases. We have guideline 7C1.4A. What is it about the words to the extent applicable that make certain factors categorically inapplicable? Well, it's not ‑‑ what makes the factors categorically inapplicable is the statutory interpretation of esteras. So in this list of factors ‑‑ Esteras dealt with a statute that specifically listed factors and did not list one of them. But I understand you to be saying that when 3582A says to the extent that they are applicable, it excludes certain factors categorically. But there's one more step. Okay. And it's guideline 7C1.4, which is relatively new. It does not distinguish between discretionary or mandatory revocation. It says, in determining the appropriate length of the term of imprisonment, application note says, the factors to be considered at revocation are the same as the factors considered in determining whether to impose a term of supervised release in the first place. And it cites 3583C and 3583A. And the language in 3583E was what was interpreted in esteras. And they used the ‑‑ I won't pronounce it correctly. In you knows something. Meaning you have a list of factors. There's a list of mandatory factors. By deliberately leaving out two, Congress has said you cannot look backwards toward retribution when imposing a revocation sentence. And I want to reserve time for rebuttal. 7C1.4 is new. It came down or became effective four days after my client was sentenced. But I think that under the Supreme Court decision in United States Henderson, that whether an error is plain is determined at the time of review, not at the time of trial. And so I feel that I get the benefit of that guideline. Thank you. I'll reserve my remaining time. All right. Mr. Davids, we'll hear from you. May it please the court, my name is Justin Davids. I'm an assistant U.S. attorney for the Western District of Missouri, and I represent the appellee, the United States of America. Good morning. First, I want to thank the court for allowing me to appear via videoconference due to my recent injury. It's very much appreciated. I want to begin by explaining a little bit of how I read Asteris. And Mr. Boyd has some interesting theories about why Asteris should apply to a 3583G case, despite that that was not the focus of Asteris. But Asteris makes clear that in a non-mandatory revocation, the court actually goes through three steps, right? It first determines whether a violation occurred at all. If a violation of the conditions of supervision occurred at all. The second step is, if it does find a violation, which options under 3583E it should choose, right? And so that is what we get into about the factors under 3553A that can be considered. The court can consider those factors in deciding which option, whether it's to terminate supervision, modify supervision, revoke supervision, continue on supervision. Those factors are considered in making that determination. The third step is, if the court chooses to revoke, is to impose a sentence. Asteris only deals with step two. And Asteris makes clear that it only involves the decision of whether to revoke of which option to choose under E. Mr. Davids, is there evidence in the record that the district court thought it was operating here under 3583G? Yes, I believe I cited it in the brief. It's in the supervision probation's violation report. It's in, I believe, the judgment or the statement of reasons. I've cited it to the documents that indicate. And I don't believe that Mr. Boyd is contesting that the court operated under 3583G. It's my understanding that the defendant in Asteris was also subject to 3583G. Is that your understanding as well? And if so, why doesn't Asteris guide us here? Well, that is an argument that the government made later in the appeal process, which is why the Supreme Court said the government's raised this. We're not going to consider it at this point. So the court was only interpreting 3583E. And so that's one of the reasons that Mr. Boyd can't rely on Asteris under this plain error review for support for the argument, is that the Supreme Court specifically disavowed that it was making any decision related to 3583G. What is the standard of review here for the second issue, giving significant weight to an improper sentencing factor? Wouldn't that be under a different standard of review for the same issue? No, it's under plain error, because if the argument is that the court should not have considered a particular factor, that would be a procedural error. If it's that it gave undue weight to a factor it could consider, that would be under substantive review, and that would be for an abuse of discretion. So, again, turning back to Asteris, it deals with step two. Step two again being what, in your view? Step two is the decision of which option to choose under 3583E in a non-discretionary supervised release proceeding. In a non-discretionary? I'm sorry, in a discretionary. I apologize. In a discretionary. So where the court can choose the options under E, which is to terminate, modify a supervised release, revoke supervised release, continue on supervised release, Asteris says that the court has to consider 3553A in making that determination. But it can only consider certain parts of 3553A in making that determination, which includes whether to revoke. 3553E is silent as to what happens at step three, which is if it decides to revoke, what sentence to oppose, except it has to be limited by the penalties listed in 3583E3. But E has no discussion as to what factors must be considered in the imposition of the sentence. And Asteris' language makes clear that it is only focused on step two. Not on step three. So that's why Larrison still applies. And I believe that it is controlling. I believe that it's an alternative holding and not dicta. But in this case, that's sort of immaterial, right? Because this is plain error review. So under plain error review, the question isn't whether Larrison was binding on the district court. The question is whether Mr. Boyd can show there is any binding precedent to the contract, either from this court or the Supreme Court. And he cannot. He hasn't. I have not found any circuits recently that would support that position, either pre or post Asteris. But for purposes of the review here, it's immaterial. And then finally, I want to- Before you get to your final point, you're saying that you think even under 3583E after Asteris, a court is not limited in which factors it may consider in determining what sentence to impose? I think that is an open question. I think that- I don't believe that the department has had the opportunity to review its position since Asteris was argued. I believe that under our pre-Asteris position, which we argued at Asteris, I believe that in 3583E situations, once the decision to revoke has been decided, I think we would then operate under the general sentencing statute under 3582A. So, counsel, the Supreme Court's repeated- I apologize. Can you hear me? Yeah. So the Supreme Court has repeatedly admonished courts that they have to look at forward-looking factors. You don't think that applies? Well, I think in Asteris, the court made clear that the other factors still apply. So a lot of them are forward factors. But factors you can still consider even under E include the history and characteristics of the defendant. So the court could look at the defendant's prior criminal history. I think it's important to note here that Mr. Boyd is complaining about the court looking at his prior state convictions. But again, he also acknowledges that the term offense in that statute refers to the underlying federal offense. So even under that interpretation, the court could still look at the state court convictions. But that being said, the statute specifically allows for a court to look at the history and characteristics of the defendant. All right. Very well. Thank you for your argument. Thank you. We'll hear rebuttal. Listen to the Asteris oral argument. And a lot of the discussion, a lot of the questions pertain to that issue that opposing counsel just raised. There's overlap in between factors that can be considered and factors that cannot be considered. Nature and history might go to the needs for deterrence. So one justice thought of it as a Venn diagram, and there's going to be the overlapping part that's shaded in. And the way you tell if you're going wrong, you're straying outside the correct purpose to determine it, is to use the principle that sentencing must be forward-looking, not backward-looking. Also, at the very end of Asteris, I think it might even be the very last sentence of the majority opinion, it's Section 4. The requirement here is very much substantive. Courts may not consider the retributive purpose of 3553A. It's procedural, and it's also substantive as well. So it's not just, did this court error by referencing an A2A factor? It's substantive. Did this court view sentencing through the prism of rehabilitation and the forward-looking nature of it? Asteris was a mandatory revocation case, and I'm not sure exactly why they focused only on subsection E. Because it was all that was raised, as they said in their own footnote. Well, they said we don't want you to decide it under subsection G. Very well. Thank you for your... Confusing, but thank you. The case is submitted, and the court will file a decision in due course. Thank you to both counsel. Counsel are excused, and we will...